OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division should be modified by granting plaintiffs motion for a default judgment against defendant Northwood Projects, Inc. (Northwood).
Defendant Fair Housing Development Fund Corp. (Fair Housing) is a not-for-profit corporation created for the purpose of building low and middle income housing, and under the provisions of the National Housing Act, it entered into an agreement with the Department of Housing and Urban Renewal (HUD) whereby Fair Housing was to construct a project in Glen Cove, and HUD was to provide a full guarantee for all construction costs. All funds are held by HUD, and can only be paid if HUD determines that the contractual terms have been fulfilled.
The general contractor for the project, Northwood, subcontracted certain of the work to Michael Duff, Inc. (Duff). Fair Housing and HUD have refused to pay Northwood the full amount allegedly due for the work done by Northwood and its subcontractor Duff, and Northwood, in turn, has failed to pay Duff. Fair Housing and HUD have refused payment on the ground that an improper relationship exists between North-wood and Duff in that Duff had an interest in Northwood which was never revealed to Fair Housing in violation of the contract. It appears uncontested that the owner of Duff is also a minority shareholder in Northwood. At any rate, Duff *711 commenced this action seeking to foreclose its lien on the project, as well as a deficiency judgment against Northwood.
Fair Housing appeared, and moved to vacate the lien. Northwood served a notice of appearance, admitted in a letter to Duff that the money was due Duff, and then defaulted. At that point, Duff then cross-moved, seeking, inter alia, entry of a money judgment against Northwood and a severance of the foreclosure action against Fair Housing. Fair Housing opposed the cross motion, contending that triable issues of fact exist with respect to the relationship between Northwood and Duff.
The trial court vacated the lien and denied the cross motion. For some reason it treated Duff’s cross motion as one for summary judgment rather than for the entry of a default judgment, and found that triable issues of fact do exist. The Appellate Division affirmed, stating with respect to the denial of the cross motion that: "It was proper to deny plaintiff’s cross motion for a money judgment on default because of the factual issues”. Interestingly, defendant Fair Housing never served a third-party claim against Northwood nor, indeed, has it otherwise pursued any such claim against Northwood.
We agree with the Appellate Division that the lien was properly vacated. We see no reason, however, why Duff should not be allowed to enter a default judgment against North-wood. Clearly, Northwood has defaulted; it has never served an answer, and has had no part in this action since its initial notice of appearance. It has not appeared before any of the courts which have considered the case and it has never made any attempt to oppose entry of a default. The only opposition to entry of a default against Northwood has come from its codefendant, Fair Housing, and it is apparently concerned lest Duff somehow be able to use a default judgment against Northwood as a means of bettering its position with respect to whatever claim it may have against the HUD funds. There appears to be no basis for this fear.
Admittedly, as a judgment creditor of Northwood, Duff would be entitled to use the normal methods of enforcing a money judgment, including attachment of any debts owed to Northwood by Fair Housing and HUD. Thus, its position is improved to the extent that it will now be able to proceed directly against the parties which actually have the money it claims. Moreover, as a judgment creditor of Northwood, Duff will have certain advantages over those of Northwood’s other creditors who have not obtained judgments against North- *712 wood. It is clear, however, that Duffs claim to the HUD funds is in no way improved by entry of a default against North-wood. Any defense which Fair Housing or HUD would be able to interpose against Northwood, they will be able to interpose against Duff if Duff proceeds as a judgment creditor of North-wood. The only result of the entry of a default against North-wood would merely be that, if indeed it is subsequently proved in an action against HUD or Fair Housing that the money is actually owed to Northwood, then Duff would be able to attach that debt up to the amount granted him in this proceeding.
There appears to be no reason to depart from the traditional rules with respect to the entry of default judgments. Fair Housing obfuscates this point by discussing it in terms of summary judgment and contending that triable issues of fact exist. It may well be true that triable issues of fact exist with respect to any claim Duff may have to the HUD money. However, resolution of these issues must await the assertion of such a claim. Denial of the motion on the other hand would leave this action in an uncertain state. Since the lien has been vacated, Fair Housing has completely defeated that part of Duffs claim in this action which would have affected it. We do not see how Fair Housing can have an interest in the outcome of a suit which is now solely between Duff and Northwood, a suit which can only determine the respective rights of those two parties, and which can in no way increase whatever rights either of them may have against HUD or Fair Housing. In sum, Duff should not be required to continue to prosecute an action against a defaulting defendant which has already clearly indicated that it has no intention of defending the action. Accordingly, the Appellate Division’s order should be modified to the extent of directing entry of a default judgment against Northwood, and affirmed, as so modified.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to defendant Fair Housing Development Fund Corporation and to plaintiff against defendant Northwood Projects, Inc. Question certified answered in the negative.